UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC,<br><br>Plaintiff,<br><br>v.<br><br>INVEREST, LLC, a Nevada limited liability company; LEMMIE GARNER, an individual,<br><br>Defendants. | Case No. 3:19-cv-00137-LRH-WGC<br><br>ORDER ON DEFAULT JUDGMENT |

On March 8, 2019, Nationstar Mortgage LLC ("Nationstar") filed its Complaint against defendants, Inverest, LLC ("Inverest") and Lemmie Garner (collectively "defendants") alleging four causes of actions for declaratory judgment, quiet title, and injunctive relief. ECF No. 1. Lemmie Garner was personally served with notice of the Complaint at 210 Hercules Drive, Sparks, Nevada 89441, via Susan Carlisle, Garner's wife/co-resident, on March 24, 2019. *See* ECF No. 7. After 6 unsuccessful attempts to serve Inverest (ECF No. 9), the court granted Nationstar's motion to serve Inverest via the Nevada Secretary of State (ECF No. 15), which was executed on July 16, 2019 (ECF No. 16). No attorney has filed a notice of appearance on behalf of either defendant, and when neither defendant filed an Answer to the Complaint, Nationstar motioned for Clerk's Entry of Default (ECF Nos. 10 & 19). Accordingly, the Clerk of Court entered default on May 8, 2019, as to Garner (ECF No. 11), and on October 23, 2019, as to Inverest (ECF No. 20). Nationstar's motion for default judgment against defendants now follows. ECF No. 21.

///

## I.   BACKGROUND

This matter arises from a foreclosure sale on real property located at 2594 Betsy Street, Sparks, Nevada, 89431 ("the property"), conducted pursuant to the Nevada Revised Statutes ("NRS"). ECF No. 1 ¶ 1; ECF Nos. 21-9 & 21-10. Marion R. Slay ("borrower") acquired title to and ownership of the property through a deed recorded in the Washoe County Recorder's Office on July 30, 1999. ECF No. 1 ¶ 20 (Instrument Number 2366430). On December 9, 2002, the borrower obtained a re-finance loan and executed a deed of trust securing repayment, designating Capitol Commerce Mortgage Co. ("Capital"), as the lender and trustee and Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Lender and Lender's successors and assigns and as the beneficiary, in the amount of $100,800.00. ECF No. 1 ¶¶ 22-24; ECF No. 21-1. This deed of trust was recorded in the Washoe County Recorder's Office on December 16, 2002. ECF No. 1 ¶ 24; ECF No. 21-1 (Instrument Number 2777495).

In January 2003, Fannie Mae acquired ownership of the loan for the property. ECF No. 1 ¶ 25; ECF No. 21-2 at 2-3. On October 10, 2011, MERS assigned its interest in the deed of trust to Bank of America, N.A., Successor by Merger to BAC Home Loans Service, LP FKA Countrywide Home Loans Servicing, L.P. ("Bank of America"), and recorded the assignment in the Washoe County Recorder's Office. ECF No. 1 ¶ 27; ECF No. 21-4 (Instrument Number 4048606). On September 25, 2013, Bank of America assigned its interest in the deed of trust to Nationstar. ECF No. 1 ¶ 28; ECF No. 21-5 (Instrument Number 4283645).[1] Nationstar was acting as the servicer of the Loan for Fannie Mae on March 11, 2014, and remains the servicer of the Loan to date. ECF No. 1 ¶¶ 28-29.

The property sits in the Falconcrest Unit 1 Homeowners Association ("the HOA") and is therefore subject to HOA assessments. ECF No. 1 ¶ 21; ECF No. 21-1 at 14. After the borrower failed to pay the HOA assessments that came due, the HOA, through its agent, recorded a Notice of Default and Election to Sell Real Property to Satisfy Delinquent Assessment Lien against the

---

[1] The court notes that this assignment provides the wrong date for which the deed of trust was recorded: it lists December 18, 2002, as the recorded date, when the date of recording was actually December 16, 2002. As this assignment also includes the correct instrument number for the at issue deed of trust, Number 2777495, the court finds it was a harmless clerical error that does not affect its judgment herein.

property on April 2, 2012. ECF No. 1 ¶ 38; ECF No. 21-6 (Instrument Number 4098948). On July 24, 2013, the HOA recorded a Notice of Default and Election to Sell Real Property to Satisfy Delinquent Assessment Lien. ECF No. 1 ¶ 39; ECF No. 21-7 (Instrument Number 4261501). The HOA then recorded a Notice of Trustee's Sale on January 31, 2014. ECF No. 1 ¶ 40; ECF No. 21-8 (Instrument Number 4322442). At the nonjudicial foreclosure sale held on March 11, 2014, Inverest and Garner purchased the property for $10,600; a Trustee's Deed Upon Sale was then recorded on March 17, 2014. ECF No. 1 ¶ 41; ECF No. 21-9 (Instrument Number 4335250).[2] Prior to this sale, neither Nationstar nor Fannie Mae, on behalf of the Federal Housing Finance Agency ("FHFA"), consented to this foreclosure. ECF No. 1 ¶ 43.

Nationstar initiated this action on March 8, 2019, asserting four causes of action and seeking declaratory judgment and quiet title. *See* ECF No. 1. Nationstar argues that based on the federal foreclosure bar prohibiting the extinguishment of a title owned by the federal government, the HOA foreclosure sale did not extinguish the first deed of trust on the property. *Id.*; ECF No. 21.

II. **DISCUSSION**

   A. **Because the Agency did not affirmatively consent to the HOA's foreclosure, the sale did not extinguish Fannie Mae's interest.**

When Fannie Mae was placed into the conservatorship of the FHFA in 2008,[3] the Agency acquired Fannie Mae's "rights, titles, powers, and privileges . . . with respect to [its] assets." 12 U.S.C. § 4617(b)(2)(A)(i). Under this provision, "[n]o property of the Agency shall be subject to . . . foreclosure . . . without the consent of the Agency . . . ." *Id.* § 4617(j)(3).

In *Berezovsky v. Moniz*, the Ninth Circuit held that the federal foreclosure bar "unequivocally expresses Congress's 'clear and manifest' intent to supersede any contrary law,

---

[2] The Trustee's Deed Upon Sale was recorded again on April 21, 2014, to correct the legal description. ECF No. 1 ¶ 42; ECF No. 21-10 (Instrument Number 4346773).

[3] The court takes judicial notice that Fannie Mae was placed under the Agency's conservatorship in 2008 and remains there today. *See Summit Real Estate Grp., Inc. v. Fed. Home Loan Mortgage Corp.*, Case No. 2:15-cv-00760-KJD-GWF, 2019 WL 918980, at *1 (D. Nev. Feb. 25, 2019) ("[T]he Act created the Federal Housing Agency (FHFA) and vested the agency with authority to place Freddie Mac and Fannie Mae into conservatorship."); *Berezovsky v. Moniz*, 869 F.3d 923, 926 (9th Cir. 2017) ("Freddie Mac is under Agency conservatorship, meaning the Agency temporarily owns and controls Freddie Mac's assets.").

including state law, that would allow foreclosure of Agency property without its consent." 869 F.3d 923, 930-31 (9th Cir. 2017). The Court thus held that the federal foreclosure bar preempts Nevada laws that allow nonjudicial foreclosures to extinguish the Agency's property interest without consent. *Id.* at 931; *see also Federal National Mortgage Association v. Kree, LLC* , Case No. 3:17-cv-00730-LRH-WGC, 2018 WL 2697406, at *3 (D. Nev. June 5, 2018). While the Ninth Circuit's decision is binding on this court, the Nevada Supreme Court has also issued a decision that comports with *Berezovsky*. In *Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Association*, the Court held that the federal foreclosure bar implicitly preempts Nevada's nonjudicial foreclosure statutes that allow a foreclosure sale to extinguish the Agency's assets without their consent. 417 P.3d 363, 367-68 (Nev. 2018). The court agrees with the precedent and declares that the federal foreclosure bar preempts Nevada law that allows a foreclosure on a superpriority lien to extinguish a property interest held by Fannie Mae without the Agency's consent.[4]

Nationstar's well pleaded Complaint and the evidence submitted in support of this motion, shows that Fannie Mae held an interest in the property at the time of the HOA foreclosure sale. *See* ECF No. 1 ¶¶ 29, 41; ECF No. 21-2 at 2 ("Exhibit 'A' reflects that in January 2003, Fannie Mae acquired ownership of a mortgage loan, which includes both the note and its associated deed of trust, secured by real property located at 2594 Betsy Street, Sparks, NV 89431 (the 'Loan'). Exhibit 'A' also reflects that Fannie Mae remains the owner of the Loan."); ECF No. 21-2 at 4 (the printout of the Fannie Mae Loan Detail shows that the "Acquisition Date" was January 1, 2003);[5] ECF No. 21-8 (providing that the nonjudicial foreclosure sale would be held on March 11, 2014).

Additionally, the evidence shows that Fannie Mae holds a valid and enforceable property interest.

---

[4] *See Berezovsky*, 869 F.3d at 929 (making clear that there is no implicit consent to the foreclosure through inaction).

[5] In *Berezovsky*, the Ninth Circuit found that Freddie Mac's database printouts were admissible as business records. *See* 869 F.3d at 932 n.8 (citing *U-Haul Int'l, Inc. v. Lumbermens Mut. Cas. Co.*, 576 F.3d 1040, 1043 (9th Cir. 2009)); *see also Williston Investment Group, LLC v. JP Morgan Chase Bank, NA*, 736 F. App'x 168, 169 (9th Cir. 2018) ("[W]e held that similar evidence was sufficient in *Berezovsky*, 869 F.3d at 926, 932 & n.8.").

4

> Nevada law requires recording of a lien for it to be enforceable, but [it] does not mandate that the recorded instrument identify the note owner by name. If the named beneficiary under the recorded deed of trust is someone other than the note owner, the recordation separates "the note and the security deed [and] creates a question of what entity would have authority to foreclose, but does not render either instrument void."

*Berezovsky*, 869 F.3d at 932 (quoting *Edelstein v. Bank of N.Y. Mellon*, 286 P.3d 249, 259 (Nev. 2012) (internal citation omitted)). Following the Restatement Third of Property, "where the note is 'split' from the deed of trust—an 'agency relationship' with the recorded beneficiary preserves the note owner's power to enforce its interest under the security instrument, because the note owner can direct the beneficiary to foreclose on its behalf." *Id.* Therefore, "a note owner remains a secured creditor with a property interest in the collateral even if the recorded deed of trust names only the owner's agent." *Id.*

Here, the assigned recorded deed of trust does not list Fannie Mae as owner, but only Nationstar as the lender and beneficiary. *See* ECF No. 21-5. However, the Fannie Mae Single-Family Selling and Servicing Guides[6] defines the agency relationship between Fannie Mae and its servicer. *See* ECF No. 21-2.[7] Following *Berezovsky*, the court finds that Nationstar was an agent for Fannie Mae with respect to the borrower's loan; therefore, Fannie Mae has a valid and enforceable property interest.

Moreover, while Nevada Revised Statute ("NRS") § 106.210, requires that "[a]ny assignment of the beneficial interest under a deed of trust *must* be recorded . . ." (emphasis added), the Nevada Supreme Court has held that if Fannie Mae purchased the loan before the statute was amended in 2011, the prior version of NRS § 106.210 applies. *OneWest Bank FSB v. Holm Int'l Props., LLC*, 432 P.3d 741, 2018 WL 6817052, at *1 (Nev. Dec. 20, 2018) (unpublished). As the *OneWest* Court provided, the earlier version of the statute stated, "'any assignment of the

---

[6] The court takes judicial notice of the Guide pursuant to Federal Rules of Evidence 201 (b), (d). *See Berezovsky*, 869 F.3d at 932 n.9.

[7] The Ninth Circuit cited Sections of Freddie Mac's Single-Family Seller/Servicer Guide to support a ruling that the Bank and Freddie Mac had the requisite agency relationship as defined in *In re Montierth*, 354 P.3d 648 (Nev. 2015). *See Berezovsky*, 869 F.3d at 933. Likewise, this District has found that Fannie Mae's Guide also illustrates the "the mechanics of this principle-agent relationship" between Fannie Mae and its loan servicers. *Bank of Am., N.A. v. Pueblo at Santa Fe Condo. Ass'n Inc.*, Case No. 2:16-cv-01199-GMN-CWH, 2019 WL 1338385, at *4 (D. Nev. March 25, 2019).

beneficial interest under a deed of trust *may be recorded*,' and does not prevent an assignee from enforcing its interest if it chose not to record the assignment." *Id.* (quoting NRS § 106.210(1) (1965)) (emphasis added by the Court).  The Court therefore concluded that "Fannie Mae's failure to record its ownership interest has no bearing on this case." *Id.*  Similarly, Fannie Mae purchased this loan in 2003, so the earlier version of the statute will apply and Fannie Mae's failure to record its ownership interest has no bearing on this case.

For these many reasons, the court declares that the HOA foreclosure sale did not extinguish Fannie Mae's property interest.

### B. The court grants Nationstar's motion for Default Judgment.

Obtaining a default judgment is a two-step process governed by Federal Rule of Civil Procedure 55. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, Rule 55(a) provides, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Second, after the clerk enters default, a party must seek entry of default judgment under Rule 55(b). FED. R. CIV. P. 55(b).

Upon entry of a clerk's default, the court takes the factual allegations in the non-defaulting party's complaint as true. Nonetheless, while entry of default by the clerk is a prerequisite to an entry of default judgment, "a plaintiff who obtains an entry of default is not entitled to default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F.Supp.2d 1068, 1071 (C.D. Cal. 2004) (citation omitted). Instead, whether a court will grant a default judgment is in the court's discretion, *id.* (citations omitted), which may include requiring the moving party to "establish the truth of any allegation by evidence," FED. R. CIV. P. 55(b)(2)(C).

The Ninth Circuit has identified several relevant factors in determining whether to grant default judgment including: "(1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claims, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to the excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1471-72.

The court has reviewed the documents and pleadings on file in this matter and finds that the *Eitel* factors support entering a default judgment in this action. First, plaintiff will be severely prejudiced if a default judgment is not entered because Inverest and Garner have shown an unwillingness to appear. Second, plaintiff's complaint is sufficiently pled and the evidence presented, as discussed above, further supports its requested relief: that Inverest and Garner acquired their ownership interest, if any, in real property located at 2594 Betsy Street, Sparks, Nevada, 89431, subject to the senior deed of trust recorded against the property on December 16, 2002, as instrument number 2777495. See ECF No. 21 at 1-2. Third, the requested relief is directly related to the underlying four causes of action as alleged in Nationstar's Complaint: declaratory judgment, quiet title, and injunctive relief. Fourth, there is no excusable neglect for the defendants' failure to participate in this action; the record shows that all parties were properly served notice. Finally, although public policy favors a resolution on the merits, the court finds that a default judgment is warranted in light of the other *Eitel* considerations and because the defendants' unwillingness to participate precludes resolution on the merits.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Nationstar's motion for default judgment against defendants Inverest, LLC and Lemmie Garner (ECF No. 21) is **GRANTED.**

IT IS FURTHER ORDERED that plaintiff Nationstar shall have 10 days from the date of entry of this Order to prepare an appropriate judgment against defendants and submit the same for signature.

IT IS SO ORDERED.

DATED this 30th day of June, 2020.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE